**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ALEX FRAENKEL,

        Plaintiff,

v.

WILLIAM GARCIA, et al.,

        Defendants.

Civil Action No. 18-09281 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon the Court's review of the docket. After reviewing the various pending motions (ECF Nos. 8, 9, 11) and Plaintiff Alex Fraenkel's ("Plaintiff") Amended Complaint (ECF No. 15), the Court grants Plaintiff's Motion to Amend and administratively terminates Defendants' Motions to Dismiss.

**I.**    **Background**

On May 15, 2018, Plaintiff filed a complaint against the State of New Jersey, the Attorney General of the State of New Jersey, the State Police of New Jersey, Trooper William Garcia, Trooper Matthew Erny, and Detective Sergeant Robert Pavelchak (collectively, "State Defendants"); Christopher Bateman, and Brian Gilcos (collectively, the "Individual Defendants"); and five unnamed John Doe defendants. (Compl., ECF No. 1.) On July 19, 2018, State Defendants filed a Motion to Dismiss Counts I through X of Plaintiff's Complaint. (State Defs.' Mot. to Dismiss, ECF No. 8.) On July 24, 2018, Individual Defendants filed a Motion to Dismiss Counts XI and XII. (Individual Defs.' Mot. to Dismiss, ECF No. 9.)

On August 8, 2018, Plaintiff filed a motion seeking multiple forms of relief, including: (i) an extension of time to file a reply to the Motions to Dismiss, (ii) leave to file a "supplemental complaint," (iii) leave to name an additional plaintiff, and (iv) leave to replace the five John Doe defendants with five individual defendants. (Notice of Cross Mot. for Various Forms of Relief, ECF No. 11, "Mot. for Relief".) On the same day, the Clerk of the Court administratively granted Plaintiff an extension of time to file a response to the Motions to Dismiss. (*See* Aug. 8, 2018 Docket Entry.) On August 14, 2018, the Individual Defendants filed opposition to the Motion to Amend[1] and, in the same document, noted they did not object to an extension of time for Plaintiff to respond to the Individual Defendants' Motion to Dismiss. (Aug. 14, 2018 Letter, ECF No. 13.) On August 21, 2018, State Defendants consented to Plaintiff's request for an extension of time and took no position regarding Plaintiff's Motion to Amend. (Aug. 21, 2018 Letter, ECF No. 14.)

On August 30, 2018, Plaintiff filed an Amended Complaint.[2] (Am. Compl., ECF No. 15.) Most recently, State Defendants filed correspondence seeking guidance on how to proceed in light of the Amended Complaint being filed without the Court's leave. (Correspondence, ECF No. 16.) Currently pending before the Court are Plaintiff's Motion for Relief and Defendants' Motions to Dismiss.

## II.   Discussion

Generally, courts must be mindful of a litigant's pro se status when examining pleadings filed by a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se plaintiffs are not

---

[1] Individual and State Defendants likely construed the relief Plaintiff sought, except for the extension of time, as a Motion to Amend.

[2] Due to an error in scanning, the Amended Complaint docketed at ECF No. 15 did not include several pages of Plaintiff's filing. A corrected document has been entered on the Docket. (*See* September 20, 2018 Docket Entry, ECF No. 17.) The Court notes that this document names new defendants and contains only four claims, Counts 13 through 16, against a subset of the defendants named in the Complaint. (*Compare* Compl. ECF No. 1 *with* ECF No. 17.)

2

excused from their obligation to comply with the Federal Rules of Civil Procedure. *House v. Hous. & Urban Dev.*, No. 05-3811, 2006 WL 3779762, at *7 (D.N.J. Dec. 20, 2006). The Federal Rules of Civil Procedure take a liberal approach to the amendment of pleadings. As a matter of right, federal plaintiffs may amend their complaint within twenty-one days of (i) serving it or (ii) service of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a)(1). After twenty-one days, a plaintiff may only amend the complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 instructs courts to "freely give leave [to amend] when justice so requires." *Id.*

Based on the Court's inherent power to control the matters on its docket, and because Plaintiff filed the Motion for Relief within the period of time permitted to file an Amended Complaint by right, the Court finds good cause to **GRANT** Plaintiff's Motion to Amend and provide Plaintiff with an opportunity to properly file a Second Amended Complaint.[3]

### III. Order

For the reasons set forth above, **IT IS** on this 24th day of September 2018, **ORDERED** that:

1. Plaintiff's Motion to Amend is (ECF No. 11) is **GRANTED**.
2. State Defendants and Individual Defendants' Motions to Dismiss (ECF Nos. 8, 9) are terminated.
3. Plaintiff may file a Second Amended Complaint by **October 24, 2018.** The Second Amended Complaint must consist of a single document that complies with Federal Rule of Civil Procedure 8(a). While Plaintiff may attach exhibits to the Second Amended

---

[3] The Court refers to this document as the Second Amended Complaint only to avoided confusion with the Amended Complaint filed by Plaintiff on August 30, 2018.

3

Complaint, the Second Amended Complaint must contain **all of the underlying factual allegations** and **all of the claims** Plaintiff is bringing.[4]

4. State Defendants and Individual Defendants must answer or otherwise respond to the Second Amended Complaint by **November 7, 2018**.[5]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Second Amended Complaint shall serve as the operative pleading in this matter. If Plaintiff does not file a Second Amended Complaint by October 24, 2018, the State and Individual Defendants may consider the document at ECF No. 17 the operative complaint and must answer or otherwise respond to that document by November 7, 2018.

[5] Plaintiff must serve any new parties in accordance with the Federal Rules of Civil Procedure and Local Rules of Civil Procedure.